**Opinion filed April 23, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00076-CR

_____

## GILBERT REYES MORELOS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 50th District Court**
**Knox County, Texas**
**Trial Court Cause No. 3962**

### M E M O R A N D U M   O P I N I O N

Gilbert Reyes Morelos, Appellant, filed an untimely notice of appeal from a conviction for intoxication manslaughter. We dismiss the appeal.

The documents on file in this case indicate that Appellant's sentence was imposed on December 8, 2014, and that his notice of appeal was filed in the district clerk's office on March 31, 2015. When the appeal was filed in this court, we notified Appellant by letter that the notice of appeal appeared to be untimely and that the appeal may be dismissed. We requested that Appellant respond to our letter and show grounds to continue. In response to our letter, Appellant has filed a motion

to extend the time to file his notice of appeal. Appellant attached documentation to his motion that indicates that appellate counsel was not appointed in a timely manner.

Pursuant to TEX. R. APP. P. 26.2, a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this court reflect that Appellant's motion for new trial was not timely as it was filed on February 2, 2015, and that Appellant's notice of appeal was filed with the clerk of the trial court 113 days after his sentence was imposed. The notice of appeal was, therefore, untimely. Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain this appeal. *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993). Neither the notice of appeal nor the motion for extension were filed within the fifteen-day period permitted by TEX. R. APP. P. 26.3. This court, as an intermediate appellate court, has no jurisdiction to grant an out-of-time appeal or to grant an untimely motion for extension; the Texas Court of Criminal Appeals is the only court with jurisdiction in final postconviction felony proceedings. *Olivo*, 918 S.W.2d at 522–24, 525 n.8; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991).

This appeal is dismissed for want of jurisdiction.


April 23, 2015                                                PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

2